# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-50514

United States Court of Appeals
Fifth Circuit

**FILED**

May 17, 2018

Lyle W. Cayce
Clerk

CHARLES I. IKEKWERE,

Plaintiff−Appellant,

versus

DEPARTMENT OF THE TREASURY,

Defendant−Appellee.

Appeals from the United States District Court
for the Western District of Texas
No. 1:15-CV-418

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Charles Ikekwere sued his former employer, the Treasury Department, under Title VII for race and national origin discrimination and hostile work environment, under the Rehabilitation Act for disability discrimination, and under both for retaliation. The district court granted summary judgment for the DoT, reasoning that Ikekwere had not shown he was qualified for the

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-50514

position, that there was no evidence that race or mental disability motivated the decision to terminate him, and that there was no evidence of a hostile work environment or evidence that the adverse employment actions were motivated by Ikekwere's EEO complaints.

We have reviewed the briefs, the applicable law, and pertinent portions of the record and have heard the arguments of counsel. We affirm, essentially for the reasons given by the district court in its compelling forty-two-page Order Granting Motion for Summary Judgment issued May 15, 2017.

The district court correctly ruled, *inter alia*, that Ikekwere "fails to produce any evidence that he, himself, was qualified for the pay grade increase" that he was denied, especially given that, as the court noted, "[h]e does not dispute that he received a 'fails' rating on his performance evaluation." The court properly concluded that "[o]n this record, [Ikekwere] "has failed to make out a prima facie case of failure to promote based on his race." The court similarly dispelled Ikekwere's claims for discriminatory discharge and hostile work environment.

As for failure to accommodate, the court observed that Ikekwere showed an inability to perform his job even after being afforded accommodations. Regarding discriminatory discharge, the court opined that "there is no genuine issue of material fact that [Ikekwere] was not qualified for his job as a Revenue Agent. Finally, while finding a prima facie case of retaliation, at least at the summary judgment stage, the court correctly decided that the DoT "has produced several legitimate, nondiscriminatory reasons for [Ikekwere's] termination," including "poor performance and inappropriate behavior."

There is no error. The summary judgment is AFFIRMED.

2